UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-20748-LENARD/LOUIS

SERGIO PEREZ,

    Plaintiff,

vs.

CITY OF OPA-LOCKA,

    Defendant.

_____/

# JOINT MOTION FOR AN EXTENSION OF TIME AND TO CONTINUE TRIAL

Plaintiff, Sergio Perez ("Plaintiff"), and Defendant, City of Opa-Locka ("City"), (collectively the "Parties"), through their undersigned counsel and pursuant to Local Rule 7.1 and other applicable Rules and laws, jointly request the Court to grant them an extension of time to complete discovery, file dispositive and non-dispositive motions, and conduct the trial of this case based on the following good cause:

1. Throughout the pendency of this case, the Parties have diligently worked together to conduct written discovery, conduct several depositions, and mediate this case.

2. Unfortunately, unforeseen circumstances make their ability to complete discovery, file dispositive motions, and file non-dispositive motions by the deadlines imposed by the Court is not feasible.

3. The unforeseen complications include Plaintiff's inability to take the deposition of a key witness, Michael Steel. Plaintiff scheduled the deposition of Mr. Steel to occur on October 26, 2022, December 13, 2022, January 13, 2023, and again on February 16, 2022.

a. Mr. Steel's deposition was rescheduled multiple times because he lawsuit against the Plaintiff in this case, Sergio Perez, in the Circuit Court for Miami-Dade County, bearing Case No. 22-020160 CA (07) and insists on having his counsel present at his deposition.

b. Plaintiff coordinated Mr. Steel's deposition with his counsel, Tamatha S. Alvarez, who then filed a Motion to Withdraw from representation in the state case on December 5, 2022. This resulted in Mr. Steel's December 13, 2022, deposition being rescheduled to January 13, 2022.

c. The parties then agreed to reschedule Mr. Steel's deposition for February 16, 2023.

d. Meanwhile, the City of Opa-Locka terminated Mr. Steel's employment, meaning it could no longer require him to appear for deposition.

e. Mr. Steel secured successor counsel, and the parties coordinated for his deposition to occur on April 20, 2023.[1]

4. Plaintiff needed to obtain its written discovery from Defendant before deposing Defendant's corporate representative. Plaintiff has the documentation requested and is in the process of coordinating the deposition of the City of Opa-Locka's corporate representative.

5. Defendant, in turn, needs to depose the former City Manager John Pate, as well as one to two witnesses pertinent to Plaintiff's claimed damages in this case. Given scheduling issues, these depositions have not yet occurred.

---

[1] Plaintiff attempted to coordinate the deposition of Mr. Steel to occur as early as March 14, 2023, but the coordination of his deposition was complicated by having three law firms coordinate their schedules.

6. Plaintiff prepared for and then attended a two-day jury trial before the Honorable Beth Bloom in late January 2023, consuming nearly 10 business days for preparation and attendance at trial.

7. Defense counsel had several personal and professional obstacles, commitments, and issues arise that also interfered with the Parties' ability to complete discovery prior to the March 17, 2023, cut-off, including the hospitalization of defense counsel and a recent five-day jury trial in the Circuit Court for Broward County, Florida that encompassed two weeks of significant preparation by both of the City's counsels in this matter.

8. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

9. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

10. Accordingly, the parties request that the Court postpone the trial of this case for 60 days and to provide the parties with a commensurate extension of time of all remaining pre-trial deadlines.

11. This joint motion is not being submitted for the purposes of delay or for any other improper purpose.

12. **<u>Local Rule 7.1(a)(3) Certification:</u>** The undersigned counsels have conferred on these issues and *jointly request* the relief sought in this motion.

13. A proposed Order is being submitted simultaneously herewith.

WHEREFORE Plaintiff, Sergio Perez, and Defendant, City of Opa-Locka, respectfully request the Court to grant them the relief requested above.

Respectfully submitted this 10th day of March 2023,

Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*


*/s/Christopher J. Stearns*
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
JONATHAN H. RAILEY
FLA. BAR NO. 111717
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
*Counsel for Defendants*