UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 1:22-cv-20748-JAL

SERGIO PEREZ,

    Plaintiff,

v.

CITY OF OPA-LOCKA and
STEVEN BARREIRA,

    Defendants.
_____/

# **DEFENDANT, CITY OF OPA-LOCKA'S, *UNOPPOSED* MOTION TO EXTEND DISPOSITIVE PRE-TRIAL MOTION DEADLINE**

Defendant, City of Opa-locka ("City"), by and through its undersigned attorneys and pursuant to Local Rule 7.1(a)(3) and Fed. R. Civ. P. 6(b)(1), files this *unopposed* motion for an extension of the dispositive pre-trial motion deadline, and states as follows:

1. The dispositive motion deadline in this matter is currently Friday, June 16, 2023. [DE 48].

2. The Parties have worked diligently to conduct and complete a significant amount of discovery in this matter. The Parties have worked, and continue to work, in a professional and cordial manner regarding the conduction of discovery in this case.

3. Plaintiff has indicated that he intends to call the City's former City Manager, John Pate (Pate), as a witness in this matter. As City Manager, Pate had final decision-

making authority on decisions made regarding Plaintiff's employment.[1]

4. Plaintiff noticed Pate for deposition in January 2023. Pate appeared at the deposition, but the deposition did not proceed because his lawyer, Michael Pizzi, Esq., (Pizzi), did not appear. Plaintiff then obtained and served on the City an executed declaration from Pate.

5. In turn, the City then noticed and served Pate (through his lawyer) with a subpoena to appear for deposition on April 28, 2023. Pate failed to appear at that April 28, 2023, deposition and a Certificate of Non-Appearance was obtained. The City was ultimately granted permission by Pate's attorney to contact Pate directly to (re)schedule another deposition.[2]

6. Pate has now agreed to appear for deposition on June 14, 2023– two days before the dispositive motion deadline. This was the first available date that worked for Pate and the Parties' attorneys. The City needs enough time to take this deposition and

---

[1] After he was terminated, Pate sued the City in state court for alleged whistleblower retaliation, breach of contract, and disability discrimination. That suit remains pending. See *John Pate v. City of Opa-Locka*, Case No. 2022-001586-CA-01. Pate is adverse to the City.

[2] Briefly, the "permission" occurred as a result of what transpired in another City of Opa-Locka matter styled *Sharon Gallimore v. City of Opa-Locka,* Case No. 22-cv-22526, currently pending before the Honorable Judge K. Michael Moore. There, the City noticed Pate for deposition and served him with a subpoena for deposition through his lawyer, Pizzi. Pate failed to appear at that noticed deposition. On May 16, 2023, a hearing was held before the Honorable Magistrate Judge Lauren Louis on the City's motion to strike Pate as a witness as a result of this conduct, and Pate was ultimately stricken. The City includes this background information solely to explain the difficulty in procuring Pate's attendance at deposition and the communication barrier in existence to secure Pate's deposition. Prior to this event in mid-May 2023, the City was not granted permission by Pate's lawyer to coordinate or speak directly to Pate.

(rush) order Pate's transcript for summary judgment purposes.

7. Additional grounds exist to request a brief extension. The undersigned recently returned to the office following the birth of his second child. Upon his return, professionally, the undersigned has been inundated with numerous deadlines and matters requiring significant time and attention. Over the span of the last several weeks (including this week and next week), amongst other deadlines, the undersigned was retained to conduct a time-sensitive harassment investigation in the Florida Keys and to author a brief due before the Florida Supreme Court on Monday, June 19, 2023. Personally, and without divulging sensitive details, the undersigned has additionally experienced time constraints associated with medical appointments for his newborn and childcare for his toddler. Lead counsel, Christopher J. Stearns, has additionally been inundated with similar time-sensitive deadlines in addition to preparing for two jury trials the last several weeks in Broward and Palm Beach Counties.

8. Pursuant to Fed. R. Civ. P. 6(b)(1)(A), a court may extend the time for an act to be done for good cause when the request is made prior to the expiration of the original deadline.

9. In light of the above, the City requests a very brief extension of the dispositive pre-trial motion deadline of seven (7) days, through and including June 23, 2023.

10. No other deadlines will be affected by this requested relief. The City is not requesting any further or additional extensions in connection with the Court's Scheduling Order [DE 48].

11. This motion is not being submitted for the purposes of delay or for any other improper purpose, and the granting of this motion will not cause any prejudice to Plaintiff. This request is solely being made for the reasons articulated above– Pate's deposition set to occur on June 14, 2023, and both of the City's counsel's professional and personal commitments and time constraints over the span of the last several weeks and continuing into this week and next.

12. **Local Rule 7.1 conferral:** The City conferred with counsel for the Plaintiff, Brian Pollock, Esq., who advised that Plaintiff *does not object* to this requested relief.

13. A proposed Order granting this Motion is attached to this Motion as Exhibit 1 in accordance with Local Rule 7.1. and has been emailed to chambers as well in Word format.

**WHEREFORE**, Defendant, City of Opa-Locka, respectfully requests entry of an order extending the dispositive pre-trial deadline in this matter until June 23, 2023, together with any other further relief deemed just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of June 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

*/s/Christopher J. Stearns*
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870

*/s/Jonathan H. Railey*
JONATHAN H. RAILEY
FLA. BAR NO. 111717

JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile

## **SERVICE LIST**

**BRIAN H. POLLOCK, ESQ.**
FAIRLAW FIRM
**Attorney for Plaintiff**
135 San Lorenzo Ave.
Suite 770
Coral Gables, FL 33146
(305) 230-4884 (Phone)
brian@fairlawattorney.com

**CHRISTOPHER J. STEARNS, ESQ.**
**JONATHAN H. RAILEY, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
stearns@jambg.com / young@Jambg.com
railey@jambg.com / garrido@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)