Sponsored by: City Manager

## RESOLUTION NO. <u>13-8649</u>

**A RESOLUTION OF THE CITY COMMISSION OF THE CITY OF OPA-LOCKA, FLORIDA, TO AUTHORIZE THE APPROVAL AND RATIFICATION OF THE AGREEMENT BETWEEN THE CITY OF OPA-LOCKA, FLORIDA AND THE DADE COUNTY POLICE BENEVOLENT ASSOCIATION, ON BEHALF OF POLICE OFICERS, CORPORALS AND POLICE SERGEANTS OF OPA-LOCKA; PROVIDING FOR INCORPORATION OF RECITALS; PROVIDING FOR AN EFFECTIVE DATE.**

**WHEREAS**, the collective bargaining unit of the City of Opa-locka Police Department, represented by the Dade County Police Benevolent Association (PBA), has ratified the proposed new 2011-2014 Collective Bargaining Agreement between the City and the PBA; and

**WHEREAS**, the City Commission of the City of Opa-locka desires to approve and accept the ratified 2011-2014 Collective Bargaining Agreement; and

**WHEREAS,** the City Commission of the City of Opa-locka approves the final proposed contract between the City of Opa-locka and Dade County Police Benevolent Association, Inc.

**NOW, THEREFORE, BE IT DULY RESOLVED BY THE CITY COMMISSION OF THE CITY OF OPA-LOCKA, FLORIDA:**

**Section 1**.    The recitals to the preamble are hereby incorporated by reference.

**Section 2**.    The City Commission of the City of Opa-locka, hereby approves the ratified 2011-2014 Collective Bargaining Agreement between the City of Opa-locka and the Dade County Police Benevolent Association, Inc., in the form attached hereto as Exhibit A.

**Section 3**.    This resolution shall take effect immediately upon adoption.

Resolution No. 13-8649

**PASSED AND ADOPTED** this 24th day of July, 2013.

_____
MYRA TAYLOR
MAYOR

Attest to:

_____
Joanna Flores
City Clerk

Approved as to form and legal sufficiency:

_____
Joseph S. Geller
GRENSPON MARDER, PA
City Attorney

Moved by:              COMMISSIONER HOLMES
Seconded by:           COMMISSIONER JOHNSON
Commission Vote:       5-0
Commissioner Holmes:   YES
Commissioner Johnson:  YES
Commissioner Santiago: YES
Vice-Mayor Keley:      YES
Mayor Taylor:          TES

Plaintiff, Perez
000351

# AGREEMENT BETWEEN
# THE CITY OF OPA LOCKA, FLORIDA
# AND
# DADE COUNTY POLICE BENEVOLENT ASSOCIATION

# ON BEHALF OF
# POLICE OFFICERS, CORPORALS AND POLICE SERGEANTS
# OF OPA LOCKA, FLORIDA

**Effective October 1, 2011~~08~~  through September 30, 201~~4~~1**

Plaintiff, Perez
000352

## TABLE OF CONTENTS

ARTICLE                                                                      PAGE

1          Recognition................................................................     5

2          Association Representatives............................................     6

3          Dues Deduction............................................................     7

4          Bulletin Board............................................................     8

5          Employee Rights..........................................................     9

6          Strikes.......................................................................     10

7          Awards.......................................................................     11

8          Non-Discrimination.......................................................     12

9          Labor Management Committee.........................................     13

10         Substitute Employment..................................................     14

11         Political Activity.........................................................     15

12         Educational Assistance and Incentive...............................     16

13         Law Enforcement Officers' Bill of Rights...........................     17

14         Investigations and Procedures........................................     20

15         Training.....................................................................     22

16         Seniority....................................................................     24

17         Vehicles and Equipment................................................     26

18         Notice of Change of Status............................................     29

19         Civil Suits..................................................................     30

20         Bereavement Leave......................................................     31

21         Off-Duty Police Employment.........................................     32

22         Management Rights.......................................................     34

23         Funeral Expense Benefit................................................     35

24         Uniforms, Safety and Equipment.....................................     36

2

Plaintiff, Perez
000353

| 25 | Sick leave..................................................................... | 38 |
| 26 | Hours and overtime........................................................ | 41 |
| 27 | Promotions and Specialty Assignments..................................... | 43 |
| 28 | Holidays...................................................................... | 46 |
| 29 | Leave of Absence............................................................ | 47 |
| 30 | Insurance Benefits........................................................... | 48 |
| 31 | Grievance Procedure and Disciplinary Matters............................ | 49 |
| 32 | Personnel Records ........................................................... | 54 |
| 33 | Vacations..................................................................... | 56 |
| 34 | Physical Examination and Workmen's Compensation Benefits ......... | 57 |
| 35 | Substance Abuse Testing, Alcohol Screening............................. | 61 |
| 36 | Compensation .............................................................. | 63 |
| 37 | Prevailing Benefits.......................................................... | 65 |
| 38 | Reopener..................................................................... | 66 |
| 39 | Term of Agreement ........................................................ .......... | 67 |
|    | Signature Page .............................................................. | 68 |

3

Plaintiff, Perez
000354

## AGREEMENT

**THIS AGREEMENT** is entered into by and between the City of Opa Locka, Florida, (hereinafter referred to as the "City", "Police Department" or "Department"), and the Dade County Police Benevolent Association, (hereinafter referred to as the "Association" or "PBA").

4

Plaintiff, Perez
000355

ARTICLE 1.  RECOGNITION

The City voluntarily recognizes the Dade County Police Benevolent Association as the exclusive representative for all Employees in the following unit:

Included:        All full-time, permanent, sworn police officer, corporals and sergeants employed by the City of Opa Locka, Florida.

Excluded:        All other Employees in the City of Opa Locka Police Department including the Chief of Police and all other Employees of the City of Opa Locka, Florida.

5

Plaintiff, Perez
000356

<u>ARTICLE 2. ASSOCIATION REPRESENTATIVES</u>

Section 1.     One (1) member of the Association shall be granted time off without loss of pay to attend the negotiating sessions, mutually set, to renegotiate this Agreement.   The one member of the Association shall also be granted time off without loss of pay to process grievances and conduct other PBA business.   The association representative shall be granted time off to conduct PBA business unless minimum staffing levels prevent such activities.

Section 2.     A designated member of the Association shall be allowed access to work locations for Association business at reasonable times, so long as such access does not interfere with the normal course of the City's business and advance notice is provided.

Section 3.     Upon request, the City shall furnish to the Association and its designated representative, all rules and regulations relating to the police department, which shall be recognized as part of this Agreement.

Section 4.     Copies of the rules and regulations and all other documents requested by the Association shall be provided pursuant to Chapter 119, Florida Statutes.

Plaintiff, Perez
000357

ARTICLE 3.  DUES DEDUCTION

Any member of the Employee Organization, who has submitted a properly executed written dues authorization card or statement to the City Manager or his designee, may have his/her membership dues in the Employee Organization deducted from his/her wages.  Dues shall be deducted each pay period and shall, thereafter, be transmitted to the Employee Organization accompanied by a list of those Employees whose dues are included.  However, the City shall have no responsibility or any liability for the improper deduction of any dues.  It shall be the responsibility of the Employee Organization to notify the City Manager, or his/her designee, of any change in the amount of dues to be deducted at least thirty (30) days in advance of said change. Under no circumstances shall the City be required to deduct Employee Organization fines, penalties or special assessments from the wages of any member.  Any Employee may, upon thirty (30) days written notice to the City and the Employee Organization, have the City cease deducting dues from his/her wages.  Should a dues increase occur, no additional authorization cards are necessary to implement the increase in the amount of dues deducted.

Plaintiff, Perez
000358

<u>ARTICLE 4.  BULLETIN BOARD</u>

The City agrees to provide space for one bulletin board for the exclusive use of the PBA for the posting of bulletins, notices and other Association materials not inconsistent with Section 447.509, Florida Statutes.

The Association will be allowed to make reasonable use of facilities for the disbursement of Association literature in Police Employees' mailboxes during designated times and with reasonable notice to the Chief of Police.

Plaintiff, Perez
000359

<u>ARTICLE 5. EMPLOYEE RIGHTS</u>

The bargaining unit employee shall have all of the rights provided by FS 447.301, Florida Statutes, and as may be amended from time to time.

Plaintiff, Perez
000360

ARTICLE 6.  STRIKES

No member of the Association or police Employee shall participate in a strike against the City or in any manner instigate or support a strike against the City.

Plaintiff, Perez
000361

ARTICLE 7.  AWARDS

Section 1.      The employer will initiate a formal system of awards for various degrees of outstanding service to the community.  Such awards shall include, but not be limited to, an Officer of the Year Award, an Award for Outstanding Bravery on Duty, and other awards for terms of continuous service, and service of a superior nature, as the City may deem appropriate.

Section 2.      An employee receiving an award from the City for any reason other than for years of continuous service may also be submitted for consideration in the "City Employee of the Month" Award, consistent with the requirements of the "City Employee of the Month" guidelines.

11

Plaintiff, Perez
000362

ARTICLE 8.  NON-DISCRIMINATION

The City and the PBA specifically agrees that the City shall not discriminate against any member of the bargaining unit because of that Employee's race, color, religion, creed, sex, national origin, age or membership or non-membership in the PBA as provided by law.

12

Plaintiff, Perez
000363

<u>ARTICLE 9.  LABOR MANAGEMENT MEETING</u>

  Either party may request a labor management meeting with written request. Labor management meeting shall not be held more frequently that three (3) times per year. Should a meeting occur during a participant's tour of duty there shall be no loss of pay or benefits.

13

Plaintiff, Perez
000364

ARTICLE 10. SUBSTITUTE EMPLOYMENT

The City agrees it will not use, assign or detail members of the bargaining unit as substitute Employees where there exists an Employer/Employee labor dispute in any City agency other than the police department.  At all times, Employees shall carry out their police function of duty in accordance with orders of the Chief.

14

ARTICLE 11.  POLITICAL ACTIVITY

      Bargaining unit Employees agree to abide by and be subject to the provisions of Section 110.233, Florida Statutes.  Violations of said provisions shall constitute grounds for disciplinary action.

15

Plaintiff, Perez
000366

ARTICLE 12.  EDUCATIONAL ASSISTANCE AND INCENTIVE

Section 1.      The Employer will attempt to arrange the working schedules of employees attending advance schools and college courses so as to coincide with their educational endeavors.

Section 2.      The Employer will purchase for the employees participating therein, experience credits in approved universities or colleges.  In addition, the Employer agrees to bear the cost of tuition for specialized educational courses to better equip the officers for the performances of the particular job and/or position in which they are employed.  The City shall not be liable for greater than a total of fifteen thousand dollars ($15,000.00) during the fiscal year for all of the employees that wish to participate.

Section 3.      Reimbursement shall be made at the state-supported institution rate, provided the employee has attained a passing grade of at least a "B".  Exceptions to this grade requirement may be made at the sole discretion of the City.

Section 4.      Tuition reimbursement shall be paid at the rate established for state-supported institutions.

Section 5.      Employees must receive the approval of the Chief of Police prior to enrollment in any advance courses or college courses for which tuition reimbursement from the City shall be sought in accordance with the provisions of this Article.

Section 6.      Any employee who has the majority (defined as 75% or more) of the credits toward a degree paid for through the Educational Assistance and Incentive Program, shall agree to remain with the City for two (2) years from the date that the employee received their last disbursement of educational assistance monies from the City.  The employee who fails to complete this two year commitment agrees to have all monies paid by the City in accordance with this article reimbursed.  The employee's final check can be withheld by the City for the purpose of reimbursement.

16

Plaintiff, Perez
000367

ARTICLE 13. LAW ENFORCEMENT OFFICERS' BILL OF RIGHTS

Members of the bargaining unit shall have all rights set forth in Section 112.531, *et. seq.*, Florida Statutes, commonly called the Law Enforcement Officers' Bill of Rights.

Violations of the Law Enforcement Officers' Bill of Rights shall be grievable.

17

Plaintiff, Perez
000368

ARTICLE 14. INVESTIGATIONS AND PROCEDURES

Section 1.    The Employer shall not order or request any Employee of a bargaining unit to submit to any mechanical instrument (e.g. polygraph, lie detector, voice stress evaluator) designed to measure truthfulness.

Section 2.    No Employee will be compelled to appear, speak, be questioned or testify before or be questioned by any non-governmental agency or citizen's review or oversight board.

Section 3.    Employees relieved of duty for alleged violations of the law and/or departmental rules will remain on full salary and allowances until such time as charges are determined to be sustained by the Chief of Police.  Upon indictment or the filing of an Information, the Employee may, in the sole discretion of the City, be suspended without pay pending final action by a Court of competent jurisdiction.

Section 4.    An Employee who is the subject of an internal investigation and who is required to give an administrative statement has the right to be informed of the nature of the investigation prior to any interrogation and the names of all complainants.  Also, if available, a copy of the initial written or recorded complaint and/or statement shall be provided to the Employee.

Section 5.    The City must first use reasonable effort to obtain sworn written statements or transcribed audio statements of all complainants and/or witnesses prior to the investigative interview of a subject officer.

Section 6.  The findings of internal affairs investigation, under the rules and regulations, shall be labeled as sustained, not sustained, or exonerated. In the event that insufficient evidence exists to sustain a complaint, the complaint shall be deemed not sustained.

Section 7.    Letters of complaint from citizens which have been determined to be unfounded and not factual will not be inserted in the officer's personnel record.  Such letters, properly marked, will be placed in the internal investigation file of the City.

Section 8.    Employees shall not be dismissed or disciplined resulting in loss of pay or benefits except for just cause and due process as provided in this agreement.

18

Plaintiff, Perez
000369

Section 9.     Except in the case of an officer accused of a violation of criminal statutes, disciplinary action which shall arise from an internal investigation must be initiated within sixty (60) days of the conclusion of the internal investigation.  The City shall be precluded from initiating disciplinary action arising out of an internal investigation unless it is initiated within sixty (60) days of the conclusion of the internal investigation.

In addition, witness officers will be given the opportunity to consult with counsel or any other representative of their choice at any time during the interrogation should, in the opinion of the witness officer or the investigator, the interrogation has reached the point that the witness officer has potentially become a subject officer.  If, upon consultation, it is determined that the witness officer has, or will in all probability become a subject officer, then the interrogation will be halted for a reasonable period of time, as determined by the investigator, to allow for such counsel or representative to represent the subject officer.

Except as otherwise provided for in this Agreement, no mechanical device, including, but not limited to polygraph, psychological stress evaluator, et al., shall be forced onto an accused, nor shall disciplinary actions be taken against an accused that refuses to submit to such tests.  These tests shall be inclusive of any device that is designed to measure truthfulness.

The employee who is the subject of the complaint or allegation shall be properly notified of the disposition upon the conclusion of the investigation.  If any investigation in which the charges against the officer cannot be substantiated, the officer shall not have those charges used in any administrative or disciplinary action.

Section 10.     Corrective action up to, but not including written reprimands shall not be used for progressive disciplinary purposes.  Written reprimands may be used for progressive disciplinary purposes if the disciplinary actions are of a similar offense.

19

Plaintiff, Perez
000370

ARTICLE 15.  TRAINING

Section 1.     The City, in its effort to encourage its police personnel to acquire greater knowledge in the more complex areas of the social system today, agrees that it shall encourage the employees to attend advanced schools and college courses. When the City or the Department trains employees in non-mandatory specialty police training, the following procedure will be utilized.

a)     Each employee is entitled to a minimum of two (2) training days in each calendar year subject to the following: The training day shall be defined as any training activity related to law.

Section 2.     The City and the Department will develop programs for training for the purpose of improving the performance of employees, aiding employees to equip themselves to advancement to higher positions and greater responsibilities, and improving the quality of service rendered to the public.  A program of rotation of eligibility for training and school shall be developed to encourage the greatest distribution of educational opportunities.

Section 3.     When the City or the Department trains employees in non-mandatory specialty police training, the following procedure will be utilized:

a)     The available training will be posted

b)     All interested employees will be interviewed

c)     Seniority will be considered in the selection

d)     Only those officers who have successfully completed a one (1) year probationary period will be eligible to participate in the non-mandatory specialty police training.

Section 4.     Firearms training and qualification will be twice every calendar year.

Section 5.     When the Department requires employees to attend weapons training, or qualify with his service weapon, the Department will make every reasonable effort to facilitate the employee's attending the firearms range during his normal working hours or during reasonable hours.  In the event the Department is unable to schedule the employee to attend the firing range during his normal working hours, the employee shall be required to attend the firing range during

20

Plaintiff, Perez
000371

his off-duty hours; provided, however, that the actual time spent by the employee in acquiring such training during his off-duty shall be compensated in accordance with Article 27, "Hours and Overtime."

Section 6.       Employees shall have the option of utilizing such training which shall be on their own time (non-compensable off-duty).  The Department shall provide sufficient rounds of ammunition per employee for qualification, each time the employee exercises the firearms training and to carry out their responsibilities.

Section 7.       Upon successful completion of a police career development course which has met with prior approval by the Chief of Police, the officer shall receive reimbursement for tuition, travel, room and board.

Section 8.       Employees promoted to the next highest rank will receive appropriate training during the probationary period.

Section 9.       Upon transfer to a specialty unit, an officer shall receive on-the-job, in-house, on-duty training so as to permit the officer to acquire the skills necessary for the assignment, as determined by the Department.

Section 10.      Each employee is entitled to a minimum of two (2) training days in each calendar year subject to the following:

a)       The training day cannot be taken on the last working day before, or the first working day after a holiday.

b)       The training day must be approved in advance by the Chief of Police.

Section 11.      The City must permit employees to attend employee's initiated non-mandatory specialty police training on their own, if they wish, unless it causes undue hardship on police staffing.

Section 12.      Training days will not be unreasonably withheld.

Plaintiff, Perez
000372

ARTICLE 16.  SENIORITY

Section 1.      Seniority shall consist of full time, continuous paid service by classification within the department.  Seniority shall be computed from the date of employment as a sworn law enforcement officer.  Upon promotion, seniority shall be computed from the appointment date. Seniority shall accumulate during paid absences because of illness, injury, vacation, military leave or other authorized leave.  Seniority will be the determining factor in making shift assignments, including days off, of departmental personnel.  Shifts will be bid on the basis of seniority every four (4) or six (6) months.  Seniority shall additionally govern the following matters:

a)      Vacations for each calendar year shall be drawn by the employee's preference on the basis of seniority.

b)      In the event of a vacancy in any division or unit (not a promotional vacancy) seniority will be considered as a factor.

Section 2.      In the event of a lay-off for any reason, employees shall be laid-off as in the inverse order of their seniority in their rank.  Any employee to be laid-off who is advanced to his present rank from a lower rank in which he held a permanent appointment, shall be given a position in a lower classification in the same department.  His seniority in lower classification shall be established according to the date of his permanent appointment to that classification.  Employees shall be called back from lay-off according to the seniority in the rank from which the employee was laid-off.  No new employee shall be hired in any classification until all employees on lay-off status in that rank have had an opportunity to return to work.  Employees will be notified by registered mail to their address of home record and shall be given fourteen (14) calendar days to return to work. Layoff lists shall be maintained for a period of one year.

Section 3.      In the event the police department is transferred to another jurisdiction, the City will use its best effort to attempt to negotiate the preservation of rank and job benefits on behalf of the employees.  In the event the City should eliminate its police function in its entirety or obtain police services from another jurisdiction on a contractual basis or any combination of

22

contractual services and reduction of the police department, the City shall use its best efforts to assist the employees in obtaining work elsewhere.

Section 4.      Seniority shall be controlling for shift bids, holidays and vacation bids, as well as off-duty bids.

Bargaining unit members agree not to hold the City liable if the City police department is eliminated and the City is unable to secure subsequent employment.

Plaintiff, Perez
000374

ARTICLE 17. VEHICLES AND EQUIPMENT

Section 1.    Whenever an employee is authorized in advance to use his own vehicle in the performance of his official duties, he will be reimbursed at the State of Florida level current at the time and for tolls and parking charges.

Section 2.    The City will undertake to establish a preventative maintenance and vehicle replacement program for City-owned vehicles. The employee shall note defects and discrepancies in the operation of any vehicle by written statement on a form to be provided by the City and shall assume the obligation of reporting said deficiencies timely.

Section 3.    Before any marked patrol vehicle goes into the street, the employee shall insure the following equipment is in working order: rotating emergency lights, siren, spotlight, two-way radio, first aid kit, and fire extinguisher.

Section 4.    To protect officers at all times, the City will provide each officer with an industry grade 800 megahertz police radio. All existing radios compatible with a shoulder microphone shall be so equipped. For those radios which are not compatible with a shoulder microphone, as said radios are replaced, they shall be replaced with radios compatible with a shoulder microphone. The City will take reasonable steps to secure such additional radios as are necessary. In the event the radio is damaged, lost or stolen through negligence, the officer will, at his or her expense, undertake to promptly repair or replace the radio.

Section 5.    Employees shall have the option of utilizing the departmentally issued firearm or their own weapons on duty upon qualification and a demonstration of proficiency for such weapons which include:

a)    .38 caliber;

b)    .357 Magnum, Smith & Wesson or Colt.

c)    .9MM semi-automatic limited to the following makes: Glock, Sigsauer Smith & Wesson, Beretta. (Such weapons must be barrel lengths of 4" or 5" and must be either double action or equipped with an external safety. Moreover, the specific

24

Plaintiff, Perez
000375

model ammunition and holster must be pre-approved by the Department.)

      d)     .40 or .45 caliber semi-automatic pistol.

Note: Ammunition for weapons "a" & "b" must be .38 caliber plus P.

      Section 6.    Employees wishing to utilize the .9mm or semi-automatic weapons must pay for their own training, certification and ammunition. The City will allow employees time for semi-annual qualification two (2) times per year, and provide ammunition for use while on duty. The employees and the City agree that the Department's authorization of Weapon "c" will be subject to a one year evaluation period for each officer from the date of authorization. Such authorization may be withdrawn at any time for just cause.

      Section 7.    Take Home Vehicle Program

1)    Eligibility.

      a)    Bargaining unit members must live within a 50-mile (fifty mile) radius of the main police station. Bargaining unit members must live within Dade or Broward County. Any officer living outside of Dade or Broward County may request, on a case by case basis, a take-home vehicle. A take-home vehicle request will be reviewed by the City and the City may approve such request on a case by case status.

2)    Use of Vehicles Off-Duty:

      a)    Residents within the City of Opa Locka:

            1)    Unlimited personal use within the City (except for bars and lounges).

            2)    Use outside of the City is restricted to portal to portal court appearances, except as otherwise approved by the Police Chief of his designee.

            3)    May not transport any non-sworn City personnel or other person in the vehicle without the approval of the Police Chief of his

25

Plaintiff, Perez
000376

designee.

    b)    Residents outside the City of Opa Locka:

        1)    Portal or Portal, to Station or Court only, unless other use is approved by the Police Chief or his designee.

        2)    May not transport non-sworn City personnel or other person in the vehicle without approval of the Police Chief or his designee.

3)    Other Requirements:

    a)    All fueling, washing, waxing, etc. of the vehicle will take place on duty.

    b)    Mechanical maintenance of the vehicle is prohibited unless specifically authorized. Prohibition does not include the changing of flat tires.

    c)    Bargaining unit members taking leave of forty-eight (48) hours or more shall leave their take-home vehicle at the station during the period of their leave.

    d)    Specific rules regarding this program will be developed and promulgated by the Chief of Police with input from the bargaining unit prior to implementation.

    e)    Injuries sustained by officers driving a take-home vehicle off-duty shall not be considered an on-the-job injury.

    f)    The City of Opa Locka is released from liability if an officer is involved in accident where a family member or other persons or passengers are injured while riding in a take-home vehicle.

Plaintiff, Perez
000377

<u>ARTICLE 18.  NOTICE OF CHANGE OF STATUS</u>

Section 1.      The City agrees to notify the employee when possible in the discretion of the Chief of Police, ten (10) days in advance of any contemplated changes in the Employees' status (i.e., transfer, reassignment, change of shift).

Section 2.      Upon application to the Chief of Police, shift exchanges for the purpose of attendance at advance schools and college courses will be arranged provided that:

a)      A fellow Employee of like rank and experience volunteers for the exchange and such exchange does not result in payment of overtime.

b)      It is requested and approved sufficiently in advance so that it does not present a hardship for the Police Department.

27

ARTICLE 19.  CIVIL SUITS

Section 1.       The City, through its insurers, will undertake the defense of a bargaining unit Employee against civil damage suits and will file proper and appropriate countersuits, providing that such suit arose out of actions by the Employee in the line of duty, and, provided that such defense is requested by the Employee and the City Manager.  The City or its insurers shall not be required to undertake such a defense in cases where the City has taken or is in the process of taking disciplinary action against the Employee arising out of the incident or incidents which comprise the basis for the suit against the Employee for which the defense is requested.  An Employee requesting the City through its insurers to undertake his/her defense shall hold the City harmless from any liability to the Employee resulting from any judgment arising out of the suit, except as provided for by Florida Statutes.

Section 2.       Where disciplinary action is reversed or overturned on appeal, the City will undertake the defense of the Employee as provided above from the time of said reversal or overturning, if requested by the Employee.

28

Plaintiff, Perez
000379

ARTICLE 20.  BEREAVEMENT LEAVE

     Section 1.    Employees shall be granted four (4) days off without loss of pay or benefits when a death occurs in the immediate family of an employee.  Additional time off may be granted at the discretion of the Police Chief.  Upon request from the City, the employee shall provide appropriate proof of death.

     Section 2.    Bereavement leave will not be charged against sick leave, vacation, holiday time or accumulated overtime.

     Section 3.    Immediate family shall consist of father, mother, sister, brother, spouse, children, grandparents, mother-in-law, father-in-law, grandchildren, and other persons who are actually members of the employee's household.

Plaintiff, Perez
000380

ARTICLE 21.  OFF-DUTY POLICE EMPLOYMENT

Section 1.     A request for secondary employment will be granted in accordance with departmental policy.

Section 2.     The City agrees that all authorized off regular duty police work is compensated at the base rate of $32.00 per hour for employees performing as police officers and $36.00 per hour for employees performing as supervisors.  These rates may be adjusted upwards periodically, with approval of the Chief of Police, to remain competitive with other Police Agencies.  The minimum time charge will be three (3) hours at the appropriate rate.

Section 3.     Police-related outside employment shall be limited to a maximum number of hours established by departmental policy.

Section 4.     Employees who are injured as a result of police action or while effecting an arrest shall be entitled to the same rights, privileges and workmen's compensation benefits as if injured on regular duty.

Section 5.     The department will furnish, if available, a handheld radio unit to an employee working an approved off duty detail.

Section 6.     Such outside work may not be performed in a manner which interferes with the employee's performance of his duty as an officer of the Opa Locka Police Department.

Section 7.     Current probationary employees shall be permitted to work off duty during the last six months of their probation as permitted by the Chief of Police.  All employees entering the service after the effective date of this agreement will only be permitted to work secondary employment after completing their probationary period.

Section 8.     The Department will be permitted to charge off-duty employers reasonable fees for the use of Departmental resources at the rate of $~~11.25~~ 13.00 per day.  In addition, the Department may charge each off-duty employer a reasonable fee on a regular basis to help defray the cost of administering the off-duty employment of its officers and supervisors at the rate of 20% of the hourly rate paid to the employee.  Such fees shall not serve to unreasonably discourage

30

Plaintiff, Perez
000381

off-duty employers from hiring employees.

Section 9.    The City will collect all monies from the permittee and pay out to the employee within one pay period.

Section 10.    All off-duty employment within the City of Opa Locka, Florida will be reserved for employees.

Section 11.    Officers in the bargaining unit have the right to first refusal for any off-duty jobs. Those off-duty jobs shall be assigned pursuant to seniority. The seniority that is applied shall not be within classification, but based on time with the Department. Off-duty work shall be offered to bargaining unit employees (i.e. police officers, corporals and sergeants) before any management employee received the opportunity to work off-duty.

Plaintiff, Perez
000382

<u>ARTICLE 22.  MANAGEMENT RIGHTS</u>

The City shall have the right to determine unilaterally the purpose of the police department, set standards of service to be offered to the public and exercise control and discretion over the police department and its operations.  The City shall have the right to direct the police Employees, taking disciplinary action for proper cause and to relieve any police Employee from duty because of lack of work or for other legitimate reason.  Except as otherwise provided in this agreement, the City shall manage, control and administer the police department.  The City may make rules governing the conduct of the police department Employees and said rules shall govern the conduct of the performance of Employees in the police department, provided said rules are not inconsistent with the express terms of this agreement.  Only those job benefits provided for herein shall inure to the benefit of the bargaining unit Employees.  The parties agree to abide by the provisions of this agreement, rules and regulations of the City, including Departmental rules, as they may be hereinafter amended from time to time, provided that no such rules and regulations or directions of the managerial or administrative personnel of the City shall be inconsistent with this agreement.

Plaintiff, Perez
000383

ARTICLE 23.  FUNERAL EXPENSE

The City will defray reasonable expenses of funeral and burial not to exceed the amount of seven thousand five hundred dollars ($7,500.00) of any member Employee killed in the line of duty. This cost may be funded by the purchase of insurance by the City.

33

Plaintiff, Perez
000384

ARTICLE 24.  UNIFORMS, SAFETY AND EQUIPMENT

Section 1.     The City agrees to furnish the following clothing and equipment to each bargaining unit employee and issue like replacement when original items become torn, worn and unserviceable:

a)     Five (5) new uniforms each year, which shall include blue trousers, short sleeve navy blue shirts and cloth sergeant and corporal chevrons in addition to the following:

One (1) navy blue jacket (warm)

One (1) pair red traffic gloves

Two (2) pairs of black shoes or one (1) pair of black shoes and one (1) pair of approved sneaker type shoe (sneaker shoe up to a maximum price of $60.00)

One (1) yellow raincoat

One (1) pair of handcuffs

One (1) long-sleeve dress shirt with tie and tie clasp

b)     The City agrees to provide all employees with an expandable baton (asp) along with training for its use.

Section 2.     Any employee who shall without gross negligence or wanton and willful misconduct, incur any breakage or damage to his uniform or personal equipment or loss of such items in the line of duty, shall have it replaced at no cost to the employee.  Such replacement item is to be of equal value to the item broken or damaged. (To include such items as eyeglasses, watches and weapons.  To exclude such items as jewelry.)

Section 3.     Employees who are required to wear non-issued clothing in the course of their job, shall receive a clothing allotment and cleaning reimbursement of four hundred and fifty six hundred dollars ($456~~00~~.00) per year (payable at thirty seven dollars and fifty cents fifty dollars ($37.50~~50.00~~) per month). Uniform employees shall receive a maintenance allowance of three four hundred dollars ($3400.00) per year, payable in a lump sum at the year end or portion of the year

34

Plaintiff, Perez
000385

worked.   Bargaining unit members who are out of work due to injury, not responding to the workplace and not on authorized leave (in pay status) for one month or more shall be precluded from receiving the monies outlined in Section 3 until they either, a) return to work or b) are placed in-pay status by the use of annual, sick or compensatory time.   Employees at home receiving workers' compensation benefits alone shall not receive uniform allotment or cleaning allowance as contained in Section 3.

      Section 4.     The City shall purchase or provide each officer an I.A.C.P. approved, bulletproof vest for each member of the bargaining unit; members to be fitted individually for the vest.   Such vest shall be a Threat Level III vest.   The City will provide for the replacement of bulletproof vests which become unsafe or dysfunctional as is recommended by the vest manufacturer.

Plaintiff, Perez
000386

ARTICLE 25.  SICK LEAVE

Section 1.     Employees will earn sick time based on one (1) day per month for each month of service.

    a)     One day sick leave will be earned if a new employee starts work before the 15th of a calendar month.   If he/she starts after the 15th, sick leave will be earned commencing the following month.

    b)     An employee who is in pay status and is absent from work will continue to earn sick leave at the rate provided herein.

Section 2.     Sick leave may be used by the employees for the following reasons:

    a)     Personal illness or physical incapacity to such an extent as to render the employee unable to perform the duties of the employee in his present position.

    b)     Attendance upon members of the immediate family, which shall be defined as spouse or minor children, whose illness requires such care.

    c)     Enforced quarantine when established by the Department of Health or other competent authority for the period of such quarantine.

Section 3.     Any employee on such leave shall be paid regular holiday pay for any and all holidays (excluding birthday holidays) that occur while on sick leave.

Section 4.     Accumulation of Sick Leave:

    a)     Sick leave shall be used in the order accumulated.

    b)     Of the first six (6) days of sick leave credited to an employee, any such sick leave not utilized shall be converted at the end of the calendar year to vacation time.

    c)     The second six (6) days of sick leave accumulated during any calendar year, if not used, shall be maintained in a sick leave bank.

Section 5.     Sick leave may be accumulated to a maximum of four hundred and eighty

36

Plaintiff, Perez
000387

(480) hours during the total term of the employee's employment.  Bargaining unit employees who have exceeded the four hundred and eighty (480) hour sick leave cap as of September 30, 1991 shall be paid 100% of their regular rate of pay for any sick leave in excess of the 480 hour cap. Thereafter, on or about December 1st of each calendar year, any bargaining unit employee who exceeded the maximum accumulated sick leave cap of 480 hours will be paid 100% of his/her regular rate of pay for any sick leave accrued in excess of this 480 hour cap.

Section 6.     Sick Leave Payout:

In the event the employee shall die, retire, or separate under honorable circumstances from the City, he shall receive compensation for accumulated sick leave at the following rates:

    5-10 years of service payable at 25% of accrued sick leave bank.
    11-15 years of service payable at 50% of accrued sick leave bank.
    16-19 years of service payable at 75% of accrued sick leave bank.
    20 years or more of service payable at 100% of accrued sick leave bank.

Section 7.     Sick leave shall be paid at the regular rate of the employee at the time of death, retirement or honorable separation from service.

Section 8.     An employee shall be allowed two call in sick and utilize sick leave two (2) consecutive (2) shifts without being required to produce a doctor's note.  While out on sick leave, the employee must be at his/her residence, a doctor's office or a hospital or be en route to one of these locations.  If the employee remains on sick leave for more than two (2) consecutive shifts, he shall, provide the following:

a)     A doctor's certificate or note upon the day of return to work providing:

    1. Nature of the illness.

    2. Whether or not it was incapacitating.

    3. Certification that the employee is fully fit to perform his duties

OR

b)     A waiver of this provision by the Chief.

37

Plaintiff, Perez
000388

Section 9.      Failure of the employee to provide such a note or certification may result in the employee being disciplined, up to and including termination of employment.

Section 10   The employee shall at all times submit himself for examination by City appointed physicians.

Section 11.   The City shall develop, in cooperation with the Association, operational standards for the purpose of controlling sick leave abuse and providing for proper discipline of employees who abuse the sick leave privilege as provided in this article.

Subject to the above-referenced cooperation with the Association, said guidelines for the usage of sick leave shall loosely follow the schedule of disciplinary action for instances of utilization of sick leave below.  At all times, sick leave usage shall be analyzed on a case by case basis, taking into consideration the unique reasons for each employee's usage of sick leave.  As such, the schedule below shall be used as a guideline in order to allow the employer and employee some basis of expectation, and may be more or less stringent as dictated by the individual circumstances surrounding the sick eave usage.

An instance shall be defined as a consecutive period of days, regardless of length. The schedule of discipline shall be:

| | | |
|---|---|---|
| One to two instances | - | no action. |
| Three instances | - | formal counseling. |
| Four instances | - | written reprimand. |
| Five instances | - | suspension of one (1) to three (3) shifts or an equivalent forfeiture of accrued time. |
| More than five instances | - | Discretion of the Chief up to and including dismissal. |

In the event that an employee provides a written medical excuse from a licensed medical practitioner setting forth the nature of the illness and the requirement that the employee be absent from work, said period of absence shall not be charged as an instance, as defined in this article.

Plaintiff, Perez
000389

ARTICLE 26.  HOURS AND OVERTIME

     Section 1.     The basic week of work shall be *either* forty (40) hours, which would consist of five days, eight hours per day or four days, ten hours per day, *or* a basic work day of 12 (12) hours; which would consist of 84 hours within a per pay period, four (4) of which would be paid at the overtime rate. The determination of implementing the 4/10 workweek or 12 hour day rests in the discretion of the City with the understanding that it shall be submitted to a Labor Management Committee in the second year of this Agreement.

     Section 2.     Overtime shall be compensated at a rate of time and one-half.  There shall be no obligation on the part of management to allow overtime work.  In the event, in the sole discretion of management, it becomes necessary for any employee to perform service in excess of forty (40) actual working hours in an 8- or 10-hour day, or 80 hours per pay period in a 12-hour day, the employee shall work overtime hours as required.  Sick leave and vacation or holiday leave shall not be considered time worked in computing overtime hours.  All work performed beyond forty (40) or eighty (80) hours as previously described shall be computed at the rate of time and one-half.

     Section 3.     Schedules will not be altered to avoid the payment of overtime but for the scheduling of police training.

     Section 4.     <u>In an effort to create flexibility within the police department whereby an employee may volunteer to be paid in banked time for hours worked that would otherwise be paid at the overtime rate, t</u>~~T~~he City agrees to allow the employee to create a<u>n "in house" time</u> ~~compensatory~~ bank at the rate of time and one-half for up to eighty (80) hours of accumulated time.  Accumulated hours in excess of eighty (80) hours shall be paid at the overtime rate.  ~~At the end of each fiscal year, all unused banked compensatory time shall be paid to the employee, in accordance with the City's normal payroll procedures.~~

     Section 5.     Court time in excess of the basic week of work shall be compensated at overtime rate for time actually appearing in Court from Police Station and return as shall appear on a certificate prepared by the Clerk of the Court showing time checked into the Court and time of

Plaintiff, Perez
000390

discharge or by a certificate prepared by the state Attorney or his designated employee or court liaison system or such other method designated by the chief.  The City shall pay at least three (3) hour minimum rate for a court appearance, except that any employee who works the midnight shift and is required to attend court will be paid a four (4) hour minimum for the court appearance.

Section 6.   In the event the Chief of Police determines in his sole discretion that an emergency condition exists, employees may be required to work continuous shifts without off-duty hours between shifts.  Whenever possible, no employee will be required to work more than sixteen (16) consecutive hours.  Whenever possible, no employee will be required to work two consecutive double shifts (16 hours) within any two day period.

Section 7.     Employees shall be compensated for stand-by time as provided by the Fair Labor Standards Act (FLSA).

Section 8.     If an employee has approved leave time (excluding normal days off) suddenly canceled by the City due to being placed on stand-by status and has to cancel preplanned travel reservations for which he cannot be refunded, the City agrees to reimburse the employee accordingly, upon presentation of receipts, so long as the employee gives prompt and complete prior notice to the City that its actions may cause a cancellation.

Section 9.     No employee shall be compensated in addition to his regular rate of pay for services performed as an employee in a higher pay classification unless the employee shall serve in such a position for more than one (1) month.

Section 10.     The employee shall be compensated at the appropriate rate for a minimum of two (2) hours in the event he is required to return to work during a period not assigned on the regular shift.

Section 11.  The City will compensate the employee only for off-duty training required by the City at time and one-half (1-1/2).  Employees shall not be compensated in any way by the City for off-duty training not required or requested by the City.

40

ARTICLE 27. PROMOTIONS AND SPECIALTY ASSIGNMENTS

Section 1.     The City will announce promotional examinations at least forty-five (45) days in advance of said examinations.  The City will list the areas which the examination will cover and the sources from which the examinations are drawn, and the location of the source.

Section 2.     The City agrees to assure the promotional examinations are validated in accordance with established validation standards and techniques.  The City further agrees that the promotional examination will be developed and prepared by an individual independent of the City who is a subject matter expert and who has been provided all the source materials prior to drafting the promotional examination, and who holds a bachelor's degree or higher from an accredited university.  To be eligible for the Sergeant's examination, bargaining unit employees who hold a bachelor's degree or higher from an accredited institution must have been employed for two (2) years with the City of Opa Locka.  Bargaining unit employees who hold no degree from an accredited institution must have been employed for three (3) years of continuous service with the City of Opa Locka.

Section 3.     The promotional examination shall consist of three parts:

a)     A written examination.

b)     An oral board interview, said board which shall be comprised of three law enforcement officers of the rank of lieutenant or higher, one selected by the City, one selected by the Union and a third selected by the other two members. All members of the oral board shall be required to sign an affidavit of non-conflict and non-disclosure.  This affidavit shall attest to the fact that the oral interview board member does not have any conflict with any of the participants and that the oral board member has not disclosed any part of the deliberations or discussions which took place during the oral board interview.

c)     A seniority point calculation.

Section 4.     The three parts of the promotional examination outlined herein shall be combined in order to arrive at the candidate's final score.  All candidates must achieve a seventy

41

Plaintiff, Perez
000392

(70) percentile score or higher in the written examination in order to proceed to the oral interview. The weight given to the three parts of the promotional examination shall be as follows: Seventy (70) percent of the overall score from the written examination, twenty-two (22) percent of the overall score from the oral interview, and eight (8) percent based on seniority point calculation.

Section 5.     The entire promotional examination, certification of the eligibility list and filing of the vacancy shall take no more than one hundred twenty days (120) from the occurrence of the vacancy.

Section 6. The City agrees that upon execution of this agreement, the promotional probationary period shall be of one (1) year duration and cannot be extended except when the probationary employee is incapacitated because of illness or injury.

Section 7. Promotions shall be made from the top four (4) of an eligibility list.  The eligibility list shall be valid for two (2) years from the date it is certified by the City unless there are fewer than two names on an otherwise valid list.

Section 8.  Specialty Positions shall be defined as any position not assigned to routine uniform patrol. Whenever a vacancy occurs in a specialty position or a new specialty position is created, the following procedure will be utilized:

a)      The available position will be posted.

b)      All interested employees will be interviewed.

c)      Only those officers who have successfully completed a one (1) year probationary period and one additional year of service as a police officer with the City will be eligible for the specialty position.

Section 9.     The rank of corporal is an appointed rank and not subject to the promotional requirements of this Article.

Section 10.     Acting Ranks. Any individual who is assigned the acting rank of sergeant must be on a current eligibility list.  The person must be the next person listed on the rank order promotion list.  There shall be no deviation.  The City further agrees that any acting rank position

42

that is established, that remains in existence for longer than ninety (90) days, shall trigger the provisions of Article 27, "PROMOTIONS".  This subsection shall take effect six (6) months after the collective bargaining agreement is ratified.

43

Plaintiff, Perez
000394

ARTICLE 28.  HOLIDAYS

     Section 1.    The following and any other day designated by the City Commission are holidays:

        New Years Day
        Martin Luther King's Birthday
        Washington's Birthday
        Memorial Day
        Independence Day
        Labor Day
        Columbus Day
        Veteran's Day
        Thanksgiving Day
        Day after Thanksgiving
        Day Christmas Day

     Section 2.    All employees will be given a day off for their birthdays with pay after working a full year, at a time mutually agreed upon.

     Section 3.    When a holiday occurs each employee member will be paid one extra day's pay for such holiday. (Employees shall work five days in a holiday week and receive six days pay, as per current practice.) Employees shall have the option of receiving payment for holidays at the end of the pay period during which the holiday occurred; or deferring payment, for all holiday leave occurring between December 15th and November 30th, to the first pay period in December of each year.  Such options must be elected prior to December 1st of each year and is irrevocable.  An employee who elects deferral of the holiday pay and subsequently leaves the Department shall receive payment for those holidays accrued since December 15th of that year to the date of termination.

44

Plaintiff, Perez
000395

ARTICLE 29. LEAVE OF ABSENCE

      Section 1.     Leaves of absence without pay for a period not to exceed fifteen (15) days shall be granted for a reasonable purpose to any employee by the Chief of Police.  Such leaves may be renewed or extended for any reasonable purpose.

      Section 2.     Medical/Maternity leave may be granted by the Chief of Police for a period up to six (6) months upon request.

      Section 3.     Leave of absence for an employee who is a member of the National Guard or the Military Reserve Forces of the United States shall be in accordance with the Florida Law.

      Section 4.     Employees may, at the discretion of the Chief of Police, obtain leaves of absence with or without pay for police oriented educational purposes to attend conferences, seminars, briefing sessions or other activities of a similar nature that are intended to improve or upgrade individual skills or professional ability. Educational leave may be granted by the Chief of Police for a period up to one (1) year at the request of the employee.  Any employee on a non-paid authorized leave of absence will reimburse the City for life and health insurance premium contributions, should they choose to continue such coverage, except as required by law.  Employees on non-paid leave of absence shall not accrue seniority while on a leave of absence.

Plaintiff, Perez
000396

<u>ARTICLE 30. INSURANCE BENEFITS</u>

      The City agrees to pay 100% of health insurance coverage for all bargaining unit members, and 50% of spouse or family coverage in an HMO provided by the City.  Employees wishing to upgrade their health care to the City-provided PPO plan shall have the dollar value of HMO coverage applied towards their PPO coverage.

Plaintiff, Perez
000397

ARTICLE 31.  GRIEVANCE PROCEDURE AND DISCIPLINARY MATTERS

A.      Grievance Procedure

Section 1.      All bargaining unit employees shall have a right to a fair and equitable grievance procedure administered without regard to membership or non-membership in the Association.  Only the grievance procedure set forth herein may be used by the bargaining unit employee.  The grievance procedure shall not be used to modify, add to or alter any provision of this agreement.

Section 2.      A grievance shall be defined as any disagreement over the interpretation and application of the terms of this agreement.

Section 3.  Procedure

Step 1 - The employee shall discuss the grievance with his/her immediate supervisor within seven (7) calendar days after the incident which gave rise to the grievance.  The immediate supervisor shall have ten (10) calendar days to respond verbally to the employee.

Step 2 - If the grievance remains unresolved, the employee shall present the grievance, in writing, to the Deputy Chief of Police, with a copy submitted to the employee's supervising lieutenant within seven (7) calendar days from the date the immediate supervisor's response was received.  The Deputy Chief of Police shall have fifteen (15) calendar days to respond, in writing, to the employee.

Step 3 - If the grievance remains unresolved, the employee shall present the grievance, in writing, to the Chief of Police within seven (7) calendar days from the date the Deputy Chief's response was received.  The Chief of Police shall have fifteen (15) calendar days to respond, in writing, to the employee.

Step 4 - If a grievance has not been satisfactorily resolved within the Grievance

47

Plaintiff, Perez
000398

Procedure, the aggrieved employee and/or the Association shall request a review by an impartial, neutral party no later than ten (10) calendar days following receipt of the Chief's response in Step 3 of the Grievance Procedure. The parties shall jointly request a list of five (5) names from the American Arbitration Association. Within seven (7) calendar days of receipt of the list, the parties shall alternately strike names, the City striking first and thus leaving the fifth name who will act as Arbitrator. The City and the Association shall attempt to mutually agree in writing as to the statement of grievance to be arbitrated prior to the arbitration hearing and the Arbitrator shall confine his decision to the particular grievance if specified. In the event the parties fail to agree on the statement of the grievance to be submitted, the Arbitrator shall confine his consideration and determination to the written statement of the grievance.

The Arbitrator shall have no authority to change, amend, add to, subtract from or otherwise alter or supplement this Agreement or any part thereof or amend thereto. The arbitrator shall have no authority to consider or rule upon any matter which is stated in this Agreement not subject to arbitration or which is not a grievance as defined in this Agreement; nor shall this collective bargaining agreement be construed by the Arbitrator to supersede applicable laws in existence at the time of signing of the Agreement except to the extent as specifically provided. The initiating parties shall not be penalized in any way for exercising their rights under this contractual agreement. However, each party shall bear the expense of its own witnesses and of its own representative. The impartial arbitrator's fee and related expenses and the expense of obtaining a hearing room, if any, will be assessed to the losing party. However, should the Arbitrator specifically render a split decision, the Arbitrator will render a decision splitting the fees and expenses between the parties. Any party desiring a transcript of the hearing shall bear the cost of such transcript unless both

Plaintiff, Perez
000399

parties mutually agree to share said costs. Copies of the Arbitrator's decision shall be final and binding upon both parties.

The Grievance and Arbitration procedure herein shall have no application to the resolution of disputes between the parties concerning the terms of a new collective bargaining agreement to replace this Agreement.

Grievances not pertaining to the Agreement:

Grievances may also be filed by members of the bargaining unit when they feel that procedures, rules or regulations are being misused or unjustly enforced against them. This would pertain to reprimands, whether oral or written. This type of grievance would be an Inter-Departmental Grievance and would follow the Grievance Procedures as stated above.

B.      Disciplinary Appeal Procedures

      a)     In Departmental disciplinary cases not involving Internal Affairs Investigations, the Chief of Police, or his designee, shall, at the affected employee's request, afford the employee an opportunity to refute the charges against him or her and/or recommendation being forwarded to the Chief.

      b)     No employee shall serve a suspension without pay until an Arbitrator or the Personnel Board has rendered a decision, whichever procedure is applicable.

      c)     For those employees who are terminated by the City, not falling into subsection b above, the City agrees to permit a request for expedited hearing.

      d)     Employees may appeal suspensions or terminations either through the Contractual Grievance Procedure (Article 31) or through the Personnel Board, except for Police Officers in the Academy and Sworn Police Officers serving the initial probationary period. Those employees may be terminated as provided by the Civil Service Rules and Regulations, with or without cause, by the City. All employees must make an irrevocable election to

Plaintiff, Perez
000400

pursue only one (1) of the above outlined vehicles.

e)    Employees suspended for a period of forty (40) hours or less may request forfeiture of accrued leave (annual, sick or compensatory leave) and remain in pay status for the above period of suspension. Such request should be submitted to the Chief for his approval. Employees exercising this option, upon approval by the Chief, shall formally waive their right to any further appeal action on said suspension.

Section 5.    Selection of redress other than through the Grievance Procedures contained herein shall preclude the aggrieved party or parties from utilizing said Grievance Procedures or accessing an arbitration forum.

Section 6.    Any grievance not processed in accordance with the time limits provided above shall be considered conclusively abandoned.

Section 7.    The Employee Organization may file and process Association grievances at the Chief of Police's steps when the contract violation affects the unit as a whole.

B.    Disciplinary Matters

Section 1.    The compensation and expenses of the Arbitrator and expenses attributable to rental of the hearing room, if any, shall be split between the City and the Association. Each party shall bear the expense of its own representatives and witnesses at the arbitration hearing. Any party desiring a transcript of the hearing shall bear the cost of such transcript unless otherwise agreed to by the Parties.

Section 2.    An employee who receives a written reprimand shall have the right to an informal hearing before the Chief of Police at which time the evidence regarding the incident shall be evaluated and discussed. If the employee does not agree with the recommendation made by the Chief of Police, then the employee has the right to a formal hearing before the City Manager. At the formal hearing, the employee has the right to present oral and documentary evidence and cross

50

Plaintiff, Perez
000401

examine all adverse parties and witnesses. The employee shall also have the right to be accompanied, represented and advised at the hearing by a representative of his or her choosing.

Plaintiff, Perez
000402

ARTICLE 32. PERSONNEL RECORDS

      Section 1.     All personnel records of the employees shall be kept confidential and shall not be released to any person except: authorized official of the Employer, or in response to a subpoena from a court of competent jurisdiction, or upon written authorization from the employee, or in a manner permitted by law.

      Section 2.     Upon reasonable request any employee shall have the right to inspect his/her official personnel records wherever kept.  The member shall have the right to make duplicate copies of this record for his/her use at the employee's expense and the City agrees that no record or records shall be concealed from the employee's inspection.

      Section 3.     An employee shall have the right to add to his/her personnel records written refutation (including signed witness statements) of any material he/she considers detrimental.

      Section 4.     The City agrees to adopt the General Records Schedule for Law Enforcement Agencies as promulgated by the Florida Department of State on November 1982, and as may be amended from time to time.

      Upon written request and upon submission of the required forms by an affected employee, the City agrees to take whatever action is necessary, subject to the approval of the State of Florida, to cause to be purged from the employee's Personnel departmental and/or internal review file(s) the following:

      (a)     All documents contained within said file(s) pertaining to a sustained formal discipline, provided that five (5) years from the date of the disposition of the discipline have passed, and further provided than an infraction free period of one (1) year precedes such purge;

      (b)     All documents contained within said file(s) pertaining to an informal discipline, provided that three (3) years from the date of the disposition of the discipline have passed, and further provided that an infraction free period of one (1) year precedes such purge;

52

Plaintiff, Perez
000403

(c)    All documents contained within said file(s) pertaining to any unsustained, unfounded or exonerated disciplinary actions, provided that one (1) year from the date of disposition of the disciplinary action has passed; further provided that there are no litigations pending pertaining to said disciplinary action(s) referred to in subsection a, b, and c.

For purposes of this Article "formal" shall mean demotion, removal, suspension or such action.

Plaintiff, Perez
000404

ARTICLE 33. VACATIONS

Section 1.      Employees shall be granted vacations as follows:

| Tenure with the City | Annual Leave Per Year |
|---|---|
| 1 through 5 years | 12 working days |
| 6 through 10 years | 15 working days |
| 11 through 15 years | 18 working days |
| 16 through 20 years | 20 working days |
| 21 years and over | 22 working days |

Section 2.      Vacation time shall be computed to exclude any holiday falling within the vacation.   The extent and time of vacation shall be determined at the discretion of the Chief.

Section 3.      Upon termination of the member employee for any reason or in the event of death, he or his heirs shall be entitled to an immediate lump sum payment for all vacation time earned and accrued at the employee's last rate of pay.

Section 4.      Employees may request vacation paychecks in advance of the scheduled vacation by submitting a request in writing to the payroll office at least thirty (30) days prior to the starting of the vacation.  If vacation time is not utilized, it shall automatically be carried over to the succeeding year.

Section 5.      Employees will be permitted to split their vacation dates with approval of the Chief.

54

Plaintiff, Perez
000405

<u>ARTICLE 34.  PHYSICAL EXAMINATION AND WORKMEN'S COMPENSATION</u>

<u>BENEFITS</u>

Section 1.      The Employee shall be required annually to submit to an electrocardiogram and physical examination, which shall include substance abuse testing, performed by a physician selected by the City.  The City will pay the cost of said examination.

Section 2.      The City shall provide Workmen's Compensation coverage for the Employee.  In the event of an on-the-job injury to an employee, such employee will be carried at full pay, minus Workmen's Compensation daily benefits on the rolls of the Opa Locka Police Department to a maximum of two hundred forty (240) days.  Daily benefits and the time loss as a result of the on-the-job injury will not be charged against any existing type of leave time.  The Workers' compensation award shall constitute prima facie evidence of permanent disability.

Section 3.      Daily benefits and time lost as a result of on-the-job injury shall not be charged against any type of leave time.  An Employee may select their own physician for medical care as may be permitted under Chapter 440 of the Florida Statutes or as allowed by Workers' Compensation carrier.  The City, however, may require an employee who suffers an on-the-job injury to be examined by a physician selected by the City at the City's expense.

Section 4.      Any Employee injured on-the-job shall be paid a full eight (8), ten (10) or twelve (12) hours wages, depending on his/her shift, for the day of the accident if his/her treating physician advises that he/she could not or should not return to work that day.

Section 5.      Any Employee who is able to work after a job-related injury, shall be reinstated to his/her former job, provided he/she is physically qualified to perform the work.

Section 6.      The City of Opa Locka agrees to implement a Heart Disability Provision known as "Police Heart". The intent to this provision is to provide the benefits, as outlined herein to sworn police officers, who suffer a condition of impairment as defined herein.

Scope of "Police Heart".

Plaintiff, Perez
000406

1)      The guidelines and definitions regarding "Police Heart" shall be governed as defined by Section 112.18, Florida Statutes 1995, entitled Special Provisions Relative to Disability.

2)      "Police Heart" shall not extend or otherwise affect Chapter 440, Florida Statutes pertaining to Workers' Compensation benefits, as well as any normal or disability retirement benefits.

3)      Recipients eligible for "Police Heart" shall be entitled to all the benefits and subject of all the restrictions normally associated with the long-term disability (i.e. health insurance, discontinuance of accumulation of sick leave, etc.) but shall receive benefits determined in accordance with "Police Heart" provisions of this section.

4)      "Police Heart" shall be effective upon ratification of this Agreement. Officers who have been diagnosed as suffering from a condition of impairment as defined herein prior to the ratification of this Agreement shall not be eligible to receive benefits under the provisions of "Police Heart" program. This program shall not include individuals who have been diagnosed with high blood pressure or hypertension.

Police Heart Eligibility

1)      Minimum of ten (10) years of service as a sworn police officer employed by the City of Opa Locka.

2)      An otherwise eligible Employee who experiences an injury resulting from an on-duty incident which is ultimately determined to be covered by Workers' Compensation, would not require then (10) years of service to vest, but would instead be entitled to receive normal benefits.

Effect of Total Disability

1)      If an eligible Employee is totally disabled, but eligible for normal retirement, the

56

Plaintiff, Perez
000407

Employee must apply for disability retirement. The employee would receive a disability retirement percentage based on the City's retirement program.

2) An Employee determined to be eligible for Police Heart benefits shall receive at a percentage of the employee's gross salary at the time of injury or medical determination of total disability, whichever occurs first based on the following schedule:

| SWORN SERVICE | PERCENTAGE OF GROSS SALARY |
|---|---|
| 10-14 years | 65% |
| 15-19 years | 70% |
| 20 years and over | 75% |

Effect of Partial Disability

If an eligible Employee is able to return to light duty, within medical limitation, the City would be permitted to employ the Employee anywhere within the Police Department in a job commensurate with the Employee's rank and seniority as a sworn police officer. With the mutual consent of the Employee and the City, the Employee may be placed in a position anywhere within the City service, provided that the Employee shall be able to return to light duty status with the Police Department within the meaning of this Section, at anytime after thirty (30) days written notice. The Employee shall be paid commensurate with the Employee's classification and the Employee shall not lose bargaining unit status.

The Employee or the City, after a minimum of six (6) months intervals thereafter, while the Employee is in partial disability status, may upon written request, be reevaluated as per the PROCEDURES section of this Article, to determine:

a) Whether the Employee has significantly improved to the point that the Employee is medically fit for full duty as a sworn police officer.

b) Whether the Employee's condition of impairment continues to prevent him or her from performing all the duties of a sworn police officer pursuant to the prevailing job description.

If the Employee is medically fit for full duty pursuant to subsection (a) herein, the Employee

Plaintiff, Perez
000408

will be returned to full duty commensurate with the employee's rank and seniority as a sworn police officer. If the employee is medically unfit for full duty, pursuant to subsection (b) herein, the Employee will remain in a light duty capacity.

Nothing contained herein shall be construed to prevent an Employee, his/her or her representative, or the City, from proposing or exploring the possibility of a settlement in regard to that Employee's employment relationship with the City, at anytime while an Employee is in partial disability status.

Plaintiff, Perez
000409

ARTICLE 35. SUBSTANCE ABUSE TESTING, ALCOHOL SCREENING[1]

Section 1.        The City and the Association recognize that employee substance and alcohol abuse can have an adverse effect on departmental operations, the image of the City employees and the general health, welfare, and safety of the employees and the general public.

Section 2.        The Department shall continue to have the right to require substance abuse and alcohol screening as a part of any physical examination provided in accordance with the provisions of Article 35 of the Agreement.

Section 3.        The Department shall also have the right and authority to require employees to submit to substance abuse and alcohol screening designed to detect the presence of any controlled substance, narcotic drug or alcohol.  The Department agrees that requiring employees to submit to testing of this nature shall be limited to circumstances that indicate a reasonable suspicion to believe that the employee is under the influence of such substance, suffers from substance or alcohol abuse, or is in violation of departmental rules and regulations regarding the use of such substance.  The Department agrees that requiring employees to submit to testing of this nature will also include impartial random testing consistent with the City's administrative policy, and in accordance with all parameters included within the Florida Drug Free Workplace.

Section 4.        It is further understood by the parties that the aforementioned authority to require employees to submit to such testing shall be approved by the Chief of Police to insure proper compliance with the terms of this article.

Section 5.        The City, guided by the most recent research in toxicology, will select the appropriate test to be used.  If an employee tests positive, a second test must be administered in a timely manner to verify the results before administrative action is taken.  Negative test results shall be provided verbally to the City and shall not become a part of the employee's personnel file or any other City file.  All tests will be conducted in approved laboratories using recognized technologies.

---

[1] Where not in conflict with this Article, the parties shall also abide by the City of Opa Locka, Florida Administrative Regulation #97-1, Drug and Alcohol Free-Workplace Policy and Work Rules.  Violations of Florida Administrative Regulation #97-1 shall be grievable under this Agreement up to and including arbitration.

59

Plaintiff, Perez
000410

Section 6.    The results of such tests may result in referral for rehabilitation or counseling or, where appropriate, disciplinary action, up to and including dismissal.  Employee refusal to submit to substance abuse or alcohol screening in accordance with the provisions of this article may result in disciplinary action, up to and including dismissal, in accordance with the rules of the Department.

60

Plaintiff, Perez
000411

ARTICLE 36.  COMPENSATION[2] **AND LONGEVITY**

Section 1.    Effective upon the ratification of this Agreement, the new starting salary (entrance pay step) for law enforcement officers in the City shall be $38,000.00 annually, and all bargaining unit members shall be slotted in to the pay step plan attached to this Agreement as Attachment 1. Employees shall be slotted in to the step plan commensurate with their rank and years of service to the department. For example, an officer with five (5) years of service to the City would be slotted in at Step 5. A Corporal or Sergeant with five years of service to the City would be slotted in at Step 5 of the Corporal or Sergeant scale, respectively.  However, no bargaining unit member shall be slotted in to a pay step that would result in a decrease in their annual rate of pay, and shall be slotted in to the lowest step representing a pay increase to the employee. ~~During the course of negotiations for this collective bargaining agreement, and understanding the urgency of implementing an increase to the salaries of all collective bargaining members during the pendency of protracted negotiations, all bargaining unit members received a three percent (3%) across the board increase retroactive to January 1, 2010.~~

Section 2.    On each employee's anniversary date, they shall progress to the next pay step up from the step that they were slotted in to. ~~Effective October 1, 2010, all bargaining members earning less than $45,000 annually shall be granted a two thousand five hundred dollar ($2,500.00)[3] increase to their base salary. A specific list of those officers receiving the salary increase is attached as Exhibit "A".~~

Section 3.    All employees shall serve a one (1) year working probationary period on date of hire as a certified police officer.

Section 4.    An employee who is promoted shall receive a five percent (5%) pay increase, which would place them into the salary pay step plan for their new rank, at the same step

---

[2] ~~The parties acknowledge that this CBA abandons the previously implemented pay-step plan. The parties further acknowledge that this change was contemplated in order to adequately compensate the bargaining unit members during the term of this contractual period, and agree that the parties' intent is to implement a new pay step plan for the next contractual term.~~

[3] ~~Officers currently earning the minimum salary of $33,488.00 will have their salary increase by $2,512.00 to a new minimum salary of $36,000.00.~~

Plaintiff, Perez
000412

as their previous rank (for example, a police officer at step 5 promoted to police corporal would slot in to step 5 at the corporal rank, which is a 5% increase). ~~or the starting salary in the new classification, whichever is greater~~.  Any employee who is promoted shall serve a one (1) year working probationary period from the date of the promotion.

Section 5.    ~~The training step shall be paid only to those employees who are attending the academy for basic courses.~~

~~Section 6.~~    ~~A three percent (3%) shift differential pay shall be paid to all officers and sergeants for the midnight shift as well as to specialized units.~~

Section 6.    Beginning on a bargaining unit member's 11th anniversary, they shall be paid a longevity bonus in accordance with the chart below:

| Rank | Years of Service | Longevity Bonus |
|---|---|---|
| Officer | 11&12 | $1,000.00 |
|  | 13&14 | $1,500.00 |
|  | 15+ | $2,000.00 |
| Corporal | 11&12 | $1,500.00 |
|  | 13&14 | $2,000.00 |
|  | 15+ | $2,500.00 |
| Sergeant | 11&12 | $2,000.00 |
|  | 13&14 | $2,500.00 |
|  | 15+ | $3,000.00 |

Plaintiff, Perez
000413

ARTICLE 37.  PREVAILING BENEFITS

     All job benefits in effect at the time of the execution of this agreement, heretofore authorized by the City Manager, or benefits provided for by ordinance of the City Commission, not specifically provided for or abridged by this agreement, shall remain in full force and effect for the duration of this agreement.

Plaintiff, Perez
000414

<u>ARTICLE 38.</u>

<u>THIS ARTICLE INTENTIONALLY LEFT BLANK</u>

Plaintiff, Perez
000415

ARTICLE 39.  TERM OF AGREEMENT

Section 1.    This Agreement shall become effective October 1, 2011~~2008~~, based upon ratification by the Association and approval by the City and shall continue through September 30, 2014~~2011~~.

Section 2.    It is agreed and understood that this Agreement constitutes the whole agreement between the parties and that after a majority vote of those bargaining unit employees voting on the question of ratification and thereafter upon its ratification by the Opa Locka City Commission, shall be effective on October 1, 2011~~2008~~, and shall remain in force until September 30, 2014~~2011~~.

Section 3.    This contract will remain in full force and effect until its successor is ratified and implemented.

65

Plaintiff, Perez
000416

AGREED TO THIS, THE _____ DAY OF _____ 2013~~2011~~, BETWEEN THE RESPECTIVE PARTIES THROUGH AUTHORIZED REPRESENTATIVES OF THE DADE COUNTY POLICE BENEVOLENT ASSOCIATION AND THE CITY OF OPA- LOCKA, FLORIDA.

**FOR THE CITY OF**
**OPA LOCKA, FLORIDA:**

**FOR THE DADE COUNTY**
**POLICE BENEVOLENT**
**ASSOCIATION:**

_____
**KELVIN L. BAKER**
**CITY MANAGER**

_____
**JOHN RIVERA**
**PRESIDENT**

_____
**JOSEPH GELLER**
**CITY ATTORNEY**

_____
**ANDREW M. AXELRAD, ESQUIRE**
**GENERAL COUNSEL**

_____
**MICHAEL BRAVERMAN, ESQUIRE**

66

Plaintiff, Perez
000417

## EXHIBIT "A"

~~Officers receiving a $2,500.00 increase to their base salary effective October 1, 2010:~~

~~Yenell Albelo~~
~~Robert Bell~~
~~Mohan Britton~~
~~Edgar Castelli~~
~~Daron Chiverton~~
~~Roberto Demoya~~
~~Frantz Donat~~
~~Antoine Dumornay~~
~~Jeffrey Faulkner~~
~~Carlos Ferrufino~~
~~Victor Fonseca~~
~~Wui Hudson Francois~~
~~Nikeya Hill~~
~~Lawrence Holborow~~
~~Dennis Horn~~
~~Hassan Hosein~~
~~Stanley Jean-Francois~~
~~Colin Josephs~~
~~Daniel Kelly~~
~~Cory Krotenberg~~
~~Orlando Muniz-Bueno~~
~~Kerby Nord~~
~~Jessy Ortiz~~
~~Carrie Palmer~~
~~Henry Payoute~~
~~Sergio Perez~~
~~Luis Serrano~~
~~Cory Smith~~
~~Ludwin Vielman~~
~~Edward Vega~~

Plaintiff, Perez
000418