UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20748-CIV-LENARD/LOUIS

**SERGIO PEREZ,**

    Plaintiff,

**v.**

**CITY OF OPA-LOCKA,**

    Defendants(s).
_____/

## NOTICE OF SUMMARY JUDGMENT RULES AND OF PLAINTIFF'S RIGHT TO FILE AFFIDAVITS OR OTHER MATERIALS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, AND THE CONSEQUENCES OF DEFAULT

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment, ("Motion," D.E. 52), filed June 23, 2023. Based on the Court's review of the Motion and the record in this case, it is **ORDERED AND ADJUDGED** that:

1. The Court will take the Motion for Summary Judgment, all materials in support, and all materials in opposition under advisement no sooner than twenty-eight (28) days from the date of this Order. The Court provides this Notice pursuant to Federal Rules of Civil Procedure 56(c) & (f) and Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). See also Couch v. Clark, 725 F. App'x 808, 811-12 (11th Cir. 2018).[1]

---

[1] Prior to December 2009, Rule 56(c) of the Federal Rules of Civil Procedure provided, inter alia, that a summary judgment motion "must be served at least ten days before the day set for the hearing" and that "[a]n opposing party may serve opposing affidavits before the

hearing day." Fed. R. Civ. P. 56(c) (2008). See also Dixon v. Odwalla, 403 F. App'x 350, 351 (11th Cir. 2010). Interpreting this Rule, the Eleventh Circuit explained that Rule 56(c) did not require an oral hearing, but did require "10-day advance notice to the adverse party that the motion and all materials in support of or in opposition to the motion will be taken under advisement by the trial court as of a certain day . . . ." Moore v. Florida, 703 F.2d 516, 519 (11th Cir. 1983). The Eleventh Circuit further explained that the Rule's 10-day notice provision required, at a minimum, that the Court give the adverse party "express . . . notice": (1) of the rules governing summary judgment; (2) "of his right to file affidavits or other material in opposition to the motion"; and (3) "of the consequences of default." Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (citing Moore, 703 F.2d at 519-20; Kibort v. Hampton, 538 F.2d 90, 91 (5th Cir. 1976)). Although the notice requirement is exercised with "especial care" when the adverse party is an indigent pro se prisoner alleging the denial of basic constitutional liberties, Griffith, 772 F.2d at 825, it is "deemed strictissimi juris and applies to all parties litigant[,]" id. (citations omitted). See also Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1367 (11th Cir. 2007). As such, granting a motion for summary judgment without providing the requisite notice to the non-moving party is reversible error. See United States v. One Colt Python .357 Revolver, S/N T03461 W/Holster, 845 F.2d 287, 288-89 (11th Cir. 1988); Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987); Marine Coatings of Ala., Inc. v. United States, 792 F.2d 1565, 1569 (11th Cir. 1986); Davis v. Howard, 561 F.2d 565, 568-69 (5th Cir. 1977).

In 2009, Rule 56(c) was amended to remove the temporal notice requirement. Fed. R. Civ. P. 56(c) (Rev. 2009). See also Dixon, 403 F. App'x at 351. However, the Eleventh Circuit has continued to apply the notice requirements outlined in Griffith when reviewing a district court's order on summary judgment. See White v. Berger, 769 F. App'x 784, 788-89 (11th Cir. 2019) (finding that the district court committed reversible error under Griffith by granting summary judgment in favor of the defendant without providing the pro se plaintiff notice that it was converting the defendant's Rule 12(b)(6) motion into a motion for summary judgment and without providing the plaintiff notice of his right to file affidavits or other materials in opposition and of the consequences of default); Universal Life Church Monastery Storehouse Inc. v. Cauley, 619 F. App'x 836, 838 (11th Cir. 2015) (finding that the district court properly provided the pro se litigant with adequate notice of his rights under Rule 56 and the consequences of default); Gandy v. Reid, 505 F. App'x 908, 912 (11th Cir. 2013) (same). District courts within the Eleventh Circuit also continue to apply Griffith's notice requirement. See Cortes v. Universal Music Latino, 477 F. Supp. 3d 1290, 1294 &n.4 (S.D. Fla. 2020); Radabaugh v. Clay Turner Realty Grp., LLC, CV 120-058, 2021 WL 2463576, at *1 (S.D. Ga. June 16, 2021); Pinkney v. Lockett, Case No. 5:16-cv-00103-Oc-02PRL, 2019 WL 1254851, at *5 (M.D. Fla. Mar. 19, 2019); Perez-Martinez v. Ralph, Case No.: 4:16cv192-WS/CAS, 2017 WL 11310112, at *1 (N.D. Fla. 2017); Tobar v. Fed. Defenders of the Middle Dist. of Ga., Inc., CV 512–416, 2014 WL 11290900, at *5 (M.D. Ga. Oct. 31, 2014).

The Court further observes that Rule 56, as amended, contains a new notice provision that requires the Court to give "notice and a reasonable time to respond" before it may "**(1)** grant summary judgment for a nonmovant; **(2)** grant the motion on grounds not raised by a party; or **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). In Couch v. Clark, the Eleventh Circuit cited Rule 56(f)'s notice requirement in holding that the district court committed reversible error by granting the defendant's motion for summary judgment where the pro se plaintiff did not receive (1) the

2. Pursuant to the Court's Order of July 10, 2023, (D.E. 55), Plaintiff shall have until and including July 28, 2023 to file a Response in opposition to Defendant's Motion for Summary Judgment, which shall not exceed twenty double-spaced pages.

3. Defendant may file a Reply brief within **SEVEN DAYS** of Plaintiff's Response, which shall not exceed ten double-spaced pages.

4. Pursuant to Local Rule 56.1, Plaintiff's Response shall be accompanied by a **separate and contemporaneously filed** Statement of Material Facts that "clearly" challenges any purportedly material fact asserted by Defendant's Statement of Undisputed Material Facts that Plaintiff contends is genuinely disputed. S.D. Fla. L.R. 56.1(a). Plaintiff's Statement of Material Facts "also may thereafter assert additional material facts that [Plaintiff] contends serve to defeat the motion for summary judgment." S.D. Fla. L.R. 56.1(a)(2). Plaintiff's Statement of Material Facts shall not exceed ten double-spaced pages. S.D. Fla. L.R. 56.1(b)(1)(A).

5. "All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply." S.D. Fla. L.R. 56.1(c). Accordingly, in order to ensure the fair application of Local Rule 56.1 and to guarantee that no fact is deemed admitted without the opposing party's intention to do so, the Parties are hereby

---

motion for summary judgment or (2) the notice required under Griffith. 725 F. App'x 808, 811-12 (11th Cir. 2018).

**INSTRUCTED** to file a Statement of Material Facts in Dispute that satisfies the following requirements:

a) First, Plaintiff's Statement of Material Facts in Dispute should correspond, on a paragraph-by-paragraph basis, with Defendant's Statement of Material Undisputed Facts.  See S.D. Fla. L.R. 56.1(b)(2)(A).  Specifically, Plaintiff shall state, for each of Defendant's numbered paragraphs, whether the facts alleged therein are disputed or undisputed.  The first word next to each number shall be "Disputed" or "Undisputed," thereby notifying the Court whether the fact alleged in each of Defendants' numbered paragraphs is disputed or undisputed.  See S.D. Fla. L.R. 56.1(b)(2)(B).

b) Second, if a fact is identified as "disputed," Plaintiff shall cite record evidence that demonstrates that the fact is disputed—for example, to specific depositions, interrogatory answers, admissions, affidavits, or other evidence on file with the Court.  Citations to record evidence should be to specific page, paragraph, and/or line numbers, and otherwise comply with Local Rule 56.1(b)(1)(B).  If the evidence is on the docket, Plaintiff shall cite to the specific docket entry, page, and line or paragraph number, if applicable.  If the Court cannot locate the evidence, the Court may deem the purportedly disputed fact admitted.

c) Third, Plaintiff shall <u>concisely</u> state why the dispute is <u>material</u>.  "A factual dispute is 'material' if it would affect the outcome of the suit under the

governing law[.]" <u>Miccosukee Tribe of Indians of Fla. v. United States</u>, 516 F.3d 1235, 1243 (11th Cir. 2008).

    d) Fourth, if Plaintiff wishes to raise disputed facts not included in Defendant's Statement of Material Undisputed Facts, those facts shall be stated in numbered paragraphs at the end of Plaintiff's Statement of Material Facts in Dispute and shall also be supported by specific citation to the record. The additional facts shall use separately numbered paragraphs beginning with the number 62, which is the number following the last numbered paragraph in Defendant's Statement of Material Undisputed Facts. (<u>See</u> D.E. 53 at 10.)

    e) Defendant shall respond to any additional facts asserted in Defendant's Statement of Material Facts, even if it does not serve a reply memorandum. S.D. Fla. L.R. 56.1(a)(3). Defendant's Response to Plaintiff's statement of additional facts, if any, shall comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the requirements set forth above.

6. If a summary judgment motion is properly supported, a Party may not rest on the allegations in its pleadings alone. To oppose a properly supported motion for summary judgment, a Party will likely need to rebut it with admissible evidence.

7. The Parties may file sworn affidavits or other admissible material in support of their positions.

8. Federal Rule of Civil Procedure 56 and Local Rule 56.1 govern motions for summary judgment. The Parties should consult these Rules and abide by them.

9. **Plaintiff's failure to respond adequately to this Notice, to Defendant's Motion for Summary Judgment, and/or to Defendant's Statement of Material Undisputed Facts may result in final judgment adverse to Plaintiff being entered without the benefit of trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).**

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of July, 2023.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**