UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 1:22-cv-20748-JAL

SERGIO PEREZ,

    Plaintiff,

v.

CITY OF OPA-LOCKA and
STEVEN BARREIRA,

    Defendants.
_____/

**DEFENDANT, CITY OF OPA-LOCKA'S, REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, CITY OF OPA-LOCKA ("Defendant" or "City"), by and through its undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Rule 56.1, replies to Statement of Facts [DE 58] submitted by Plaintiff, SERGIO PEREZ ("Plaintiff"), in response to the City's Motion for Summary Judgment, and states as follows:[1]

    62.    Undisputed. And wholly immaterial and irrelevant to any issue raised on summary judgment. The inclusion of this argumentative "fact" serves no purpose other than to attempt to

---

[1] Local Rule 56.1(b)(2)(D) provides that any additional facts an opponent contends are material to the motion for summary judgment… shall be separately titled 'Additional Facts'…" Here, Page 9 of [DE 58] contains a subsection that reads "Plaintiff's Facts in Response." The City presumes these are Plaintiff's proposed "Additional Facts" and replies under that presumption. Additionally, the City does its best to decipher the purported citations offered by Plaintiff regarding the "facts." Many of the facts are not supported by pinpoint citations or otherwise do not contain complete, clear, or accurate citations. It is not the City's nor this Court's obligation to scour the record. *Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (noting that when parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased. Thus, "the onus is upon the parties to formulate arguments.").

demean Chief Barreira and the City. See [DE 57] at pg. 4 ("Chief Barreira's career trajectory has taken such a downward spiral that he now works as a security officer"). The inclusion of such "fact" was completely unnecessary and speaks for itself.

63. Undisputed to the extent that a job description does not specifically enumerate "financial mismanagement…" But immaterial to Plaintiff's dispositive testimony regarding Plaintiff's role in the oversight, participation, and decisionmaking pertaining to the issues Plaintiff now "complains" of. See, e.g. [DE 53] at ¶¶ 14-15, 19-20.

64. Undisputed. The "fact" is not even cited within [DE 57]. For good reason- it is wholly immaterial and irrelevant to any issue raised on summary judgment.

65. Undisputed that Plaintiff testified as represented. But immaterial and otherwise irrelevant to establish any First Amendment or whistleblower retaliation violation.

66. Disputed that Krotenberg ever testified that Plaintiff was "singled out." That is pure argument and should be disregarded. Undisputed that Plaintiff was relieved of duty with pay in September 2021 after the taser incident and that Plaintiff's pay status was changed to without pay (at the discretion of a new and different Chief, Scott Israel) after the FDLE criminally charged Plaintiff, as Krotenberg testified to. [DE 58-5], pg. 5 (depo pgs. 14-15). Otherwise immaterial and irrelevant to the salient issues presented on summary judgment.

67. Undisputed that off-duty assignments result in "additional" money. The citations proffered by Plaintiff as related to Krotenberg's testimony are unclear or otherwise incorrect. It is not the City's nor this Court's obligation to scour the record. Regardless, this "fact" is immaterial and irrelevant to the salient issues to be adjudicated by this Court on summary judgment.

68. Undisputed that Pate testified he did not personally perceive or believe there "to be issues" between Chief Barriera and Plaintiff at some point in time. But Pate's speculative belief is

wholly immaterial and irrelevant to any issue raised on summary judgment.

69. Undisputed to the extent Plaintiff alleges he "complained of financial mismanagement" within a declaration submitted to oppose the City's motion for summary judgment. The contention does not establish any First Amendment violation or whistleblower retaliation.

70. Undisputed to the extent Plaintiff testified he sent emails "complaining" about "financial mismanagement." The contention does not establish any First Amendment violation or whistleblower retaliation.

71. Undisputed that Pate testified Plaintiff's office was attempted to be relocated at some point. This "fact" is wholly immaterial and irrelevant to any issue raised on summary judgment and does not otherwise establish any First Amendment violation or whistleblower retaliation.

72. Undisputed that Pate testified regarding Chief Barreira sending Plaintiff home. This testimony is immaterial and irrelevant to any issue raised on summary judgment and does not otherwise establish any First Amendment violation or whistleblower retaliation.

73. Undisputed that Chief Barreira met with Michael Steel to inquire about the September 1, 2021, taser incident. Disputed, as a mischaracterization and a formulated argument by Plaintiff, that the meeting was "clandestine." The "clandestine" term was frequently utilized by Plaintiff's counsel throughout this case as a means to infer or insinuate wrongdoing on the part of Chief Barreira. Regardless, wholly immaterial and irrelevant to any issue raised on summary judgment.

74. Undisputed that Chief Barreira testified he did not document particular details about his meeting with Steel. Disputed, as a mischaracterization and a formulated argument by Plaintiff,

that Chief Barreira's conversation with Steel was "clandestine." The "clandestine" term was frequently utilized by Plaintiff's counsel throughout this case as a means to infer or insinuate wrongdoing on the part of Chief Barriera. Regardless, wholly immaterial and irrelevant to any issue raised on summary judgment.

75. Undisputed regarding what Krotenberg testified to regarding internal affairs investigations. This testimony is immaterial and irrelevant to any issue raised on summary judgment and does not otherwise establish any First Amendment violation or whistleblower retaliation.

76. Undisputed that Plaintiff testified he was not allowed to work off-duty jobs while "suspended." But immaterial and otherwise irrelevant to establish any First Amendment or whistleblower retaliation violation.

77. Undisputed that the City was and has remained under financial oversight. But immaterial and otherwise irrelevant to establish any First Amendment or whistleblower retaliation violation.

78. Undisputed.

79. Undisputed that Pate testified that the act of Plaintiff tasing a fellow officer in the workplace was "unique," a "one in a thousand incident," and that the incident raised serious allegations and concerns. [DE 58-2] at pg. 14 (depo pg. 53:8-25; 54: 8-17).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of August 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY: */s/Christopher J. Stearns*
CHRISTOPHER J. STEARNS
Florida Bar No.: 557870

*/s/Jonathan H. Railey*
JONATHAN H. RAILEY
Florida Bar No.: 111717

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:     (954) 463-0100
Facsimile:     (954) 463-2444
stearns@jambg.com / berens@jambg.com
railey@jambg.com / garrido@jambg.com

**Attorneys for City of Opa-Locka**

**SERVICE LIST**

**BRIAN H. POLLOCK, ESQ.**
FAIRLAW FIRM
**Attorney for Plaintiff**
135 San Lorenzo Ave.
Suite 770
Coral Gables, FL 33146
(305) 230-4884 (Phone)
brian@fairlawattorney.com

**CHRISTOPHER J. STEARNS, ESQ.**
**JONATHAN H. RAILEY, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
stearns@jambg.com / young@Jambg.com
railey@jambg.com / garrido@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)